FILED

JAN 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER   1:07MS00034 |
| v. | JUDGE: Richard W. Roberts |
| ANTWUAN BALL, et al., | DECK TYPE: Miscellanous |
| | DATE STAMP: 01/24/2007 |

### MOTION TO QUASH SUBPOENA DUCES TECUM

Edgewood Management Corporation ("Movant"), a nonparty to the above-referenced matter, hereby moves this Court to quash the Subpoena Duces Tecum issued by James Beane, Esq. in the above-captioned matter. In support of its Motion, Movant relies upon the following:

1. Fed. R. Crim. P. 17(c)(2);

2. Fed. R. Crim. P. 47; and

3. Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum.

                              Respectfully submitted,

                              MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder          #265041
Michael J. Carmody        #455703
1889 Preston White Drive, Suite 200
Reston, VA  20191
(703) 766-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena Duces Tecum, Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum and proposed Order was mailed, first-class, postage prepaid, this ____ day of January 2007 to James Beane, Esq., 2715 M Street, NW, Suite 200, Washington, DC 20001 (Counsel for Defendant Gregory Bell), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

BY: _____
Anne M. Magruder          #265041
Michael J. Carmody        #455703

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) Case No.: CR 05-100 (03) ) |
| ANTWUAN BALL, et al., | ) ) ) |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM

Edgewood Management Corporation ("Movant," which is a non-party to this case and which was improperly named in the subpoena as "Custodian of Records Edgewood Management"), has moved the court to quash the Subpoena Duces Tecum in a Criminal Case issued by counsel for Defendant Gregory Bell dated January 16, 2007 ("Subpoena"), pursuant to Federal Criminal Procedure Rule 17(c)(2), as (1) the Subpoena was improperly served, (2) the Subpoena failed to properly identify the person authorized to produce the requested records, and (3) compliance with the Subpoena would be unreasonable and oppressive.

### BRIEF BACKGROUND

Movant is the managing agent for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C. James Beane, Esq. ("Beane"), attorney for Defendant Gregory Bell, issued the above-referenced Subpoena, dated January 16, 2007, which was addressed as follows:

To:   Custodian of Records
      Edgewood Management

8403 Colesville Road
Silver Spring, MD 20910

A copy of the Subpoena is attached hereto as Exhibit 1 and incorporated by reference herein. The Subpoena was served upon Corporation Service Company, but Beane did not tender any witness fees or mileage fees along with the Subpoena. The Subpoena provided contact information for one "Joseph H. Aronstamn, Investigator" ("Aronstamn"), explained that "[p]roduction of these records may release the named party from appearing in court," and referenced an "Attached List of Requested Documents." Furthermore, the Subpoena incorrectly referenced Movant as "Edgewood Management" and specified that the Subpoena was addressed to "Custodian of Records" as witness. Counsel for Movant has attempted to contact Beane to describe the deficiencies in the Subpoena, but has not yet reached Beane, and to date, Beane and Aronstamn have not attempted to revise or modify the Subpoena, nor have they attempted to cure the Subpoena's deficiencies.

## ARGUMENT

1.  <u>The Subpoena Should Be Quashed For Improper Service.</u>

Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena in a criminal case, provides that:

> **(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

Fed. R. Crim. P. 17(d). In the present case, witness-attendance fees were not tendered

to Movant; therefore, the Subpoena is incomplete and was not properly served.

Because the Subpoena was not delivered to the named witness along with witness and mileage fees under Fed. R. Cr. P. 17(d), the Subpoena should be quashed for improper service.

2. <u>The Subpoena Should Be Quashed For Its Failure To Properly Identify The Person Authorized to Produce the Requested Records.</u>

Even if the Subpoena in this matter had been properly served upon Movant, the Subpoena should still be quashed for its failure to properly identify the witness it attempts to command to appear. The Subpoena is addressed to one "Custodian of Records" at "Edgewood Management" located at 8403 Colesville Road, Silver Spring, Maryland.

There is no organization by the name of "Edgewood Management" at this address. Movant's registered agent assumed that the issuing party had attempted to direct the Subpoena to Movant, Edgewood Management Corporation, and thus Movant's registered agent eventually forwarded the Subpoena to Movant's counsel; however, the Subpoena, addressed in its current state, cannot stand.

Thus, the Subpoena should be quashed because it fails to properly identify a known person who is authorized to produce the records requested in the Subpoena.

3. <u>The Subpoena Should Be Quashed Because Compliance Would Be Unreasonable And Oppressive</u>

Even if the Subpoena in this matter had been property served upon Movant and had properly identified the witness it attempts to command to appear, the Subpoena should still be quashed because it is unreasonable and oppressive in allowing such little

time for compliance. Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena, provides that:

> (c)(2) The court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c)(2). As a further example, though not controlling in this case, Rule 45 of the Federal Rules of Civil Procedure allows for the court to quash a motion that "fails to allow reasonable time for compliance". See Fed. R. Civ. P. 45 (requiring a minimum of 14 days notice for subpoenas requesting production of documents). In the present case, the Subpoena was served on Tuesday, January 16, 2007, for a court appearance on January 22, 2007 at 9:30 AM. The Subpoena thus allowed only four days between the service date and the court appearance date, which cannot be enough time for Movant to collect and review all applicable records (especially considering the fact that Movant *still* has not received a list of documents showing what records are being subpoenaed). Considering the time allowed, compliance with this Subpoena would be unreasonable and oppressive, even notwithstanding the Subpoena's other deficiencies.

Thus, the Subpoena should be quashed because compliance in this time frame would be unreasonable and oppressive.

## CONCLUSION

The Subpoena cannot stand in its current state—it was not properly served, it does not properly identify a person authorized to produce the requested records, and it does not allow for reasonable time for compliance. Thus, the Movant requests that the

Court quash the Subpoena Duces Tecum in this matter in its entirety.

                              Respectfully submitted,

                              MAGRUDER & ASSOCIATES, P.C.

BY: _____
      Anne M. Magruder        #265041
      Michael J. Carmody     #455703
      1889 Preston White Dr., Ste 200
      Reston, VA 20191
      (703) 766-4400

E49991.029

# United States District Court

——————— DISTRICT OF ———————

IN FORMA PAUPERIS                           DUCES TECUM

UNITED STATES OF AMERICA                    **SUBPOENA IN A**
                                            **CRIMINAL CASE**
V.

ANTWUAN BALL, et al.                        CASE NUMBER: CR 05-100 (03)

TO: Custodian of Records
    Edgewood Management
    8403 Colesville Road
    Silver Spring, MD. 20910 (301) 562-1600

☒ **YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.**

| PLACE | COURTROOM |
|---|---|
| The United States District Court for the District of Columbia 333 Constitution Avenue, N.W. Washington, D.C. 20001 | Judge Roberts #22-A |
| | DATE AND TIME |
| | January 22, 2007 at 9:30 AM |

☒ **YOU ARE ALSO COMMANDED to bring with you the following document(s) or objects(s):**

**PLEASE SEE ATTACHED LIST OF REQUESTED DOCUMENTS**

\* PRODUCTION OF THESE RECORDS MAY RELEASE THE NAMED PARTY FROM APPEARING IN COURT — Records may be turned over to Joseph H. Aronstamn, Investigator 1718 M Street, NW, #218, Washington, DC 20036 (202) 368-3766

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| NANCY MAYER-WHITTINGTON (By) Deputy Clerk | 01/16/07 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

James Beane, Esq. 2715 M Street, NW, Ste 200, WDC 20001 (202) 333-5905

| RETURN OF SERVICE [1] | | | |
|---|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE | |
| SERVED | DATE | PLACE | |

| SERVED ON (PRINT NAME) |
|---|
| |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER** [2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service is true and correct.

Executed on _____
                           Date                              Signature of Server

                                                            _____
                                                            Address of Server

| ADDITIONAL INFORMATION |
|---|
| |

(1) As is who may serve a subpoena and the manner of its service see Rule 17 (d)., Federal Rules of Criminal Procedure, or Rule 45 ©, Federal Rules of Civil Procedure.

(2) "Fees and mileage may not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45 (c). Federal Rules of Civil Procedure Rule 17 (d), Federal Rules of Criminal Procedures or on behalf of certain indigent parties and criminal Defendants who are unable to pay such costs (28 USC 1025. Rule 17 (b) Federal Rules of Criminal Procedures)"

<u>LIST OF REQUESTED DOCUMENTS</u>
**AN ATTACHMENT TO FEDERAL SUBPOENA**
**CASE NUMBER: CR 05-100 (03)**
Served by Joseph H. Aronstamn, Private Investigator
Records to Be Obtained From
Edgewood Management
Subpoena dated 01/16/07

As stated in the federal subpoena, "You are commanded to bring with you the following documents(s) or objects(s):"

1. <u>**Information for the following people and/or apartments, including but not limited to:**</u>
   1.1. **Dates of Birth**
   1.2. **Social Security Numbers**
   1.3. **Emergency contact** information
   1.4. **Forwarding addresses and phone numbers**.
   1.5. **All information on employment**, including but not limited to, name, address and telephone number of employer and dates of employment.
   1.6. **All information on relatives**, including but not limited to, names, addresses and telephone numbers, dates of birth, social security numbers, spouses, employment, schools, etc.
   1.7. **All notes, reports, memorandum and other documents detailing rental violations, disputes, complaints, law enforcement interactions, lawsuits, and allegations.**

2. <u>**RENE CUNNINGHAM**</u>
   2.1. Resided at 1331 13th Pl, SE #202 in 1991/1992.
   2.2. Moved from Congress Park in 1998/1999

3. <u>**1303 CONGRESS ST, UNIT #30, SE WDC**</u>
   3.1. For the time period of June 2000
   3.2. Also provide copy of LEASE and RENTAL AGREEMENT for June 2000
   3.3. Who resides there now?

4. <u>**GALE/GAIL PARSONS/PARSON**</u>
   4.1. May have resided at 3401 13th Pl, SE Unit #103
   4.2. Date of Birth *may be*: 08/12/1960

5. <u>**3401 13TH PL, SE UNIT #103**</u>
   5.1. For the time period July 27, 2000
   5.2. Also provide copy of LEASE and RENTAL AGREEMENT for July 27, 2000
   5.3. Who resides there now?

6. <u>**CHARLOTTE O'BRIEN**</u>
   6.1. Moved out on 4/15/2004
   6.2. May have resided at 1326 Congress St, SE #6

7. <u>**1330 CONGRESS ST, SE, UNIT #5**</u>
   7.1. For the time period April 4, 2004
   7.2. Also provide copy of LEASE and RENTAL AGREEMENT for the time period 4/4/04
   7.3. Who resides there now?

AN ATTACHMENT TO FEDERAL SUBPOENA; CASE NUMBER: CR 05-100 (03)
Page 2 of 2

8. **MARY MCCLENDON**
   8.1 Date of Birth: 01/12/1952

9. **3408 13TH PL, SE UNIT #204**
   9.1 For the time period October 4, 2004
   9.2 Also provide copy of LEASE and RENTAL AGREEMENT for period 10/04/04

10. **EDGEWOOD MANAGEMENT EMPLOYEE W/FIRST NAME "PETE"**
    10.1. This employee's first name was/is Pete
    10.2. He worked there approximately 2000-2004
    10.3. Supervisor for Gregory Bell

11. **CONTINENTAL POOLS**
    11.1. Information on contacts with this company by Edgewood Management

12. **HAMEL CONSTRUCTION**
    12.1. Information on contacts with this company by Edgewood Management

13. **EAGLE TECHNOLOGIES /SECURITY**
    13.1. Information on contacts with this company by Edgewood Management

14. **THE STEP FOUNDATION**
    14.1. Information on contacts with this company by Edgewood Management